# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

COYT BRYANT,                                    1:12-cv-00562-DLB (HC)

                        Petitioner,            ORDER DISMISSING PETITION FOR WRIT
                                               OF HABEAS CORPUS, DIRECTING CLERK
        v.                                     OF COURT TO TERMINATE ACTION, AND
                                               DECLINING TO ISSUE A CERTIFICATE OF
                                               APPEALABILITY
H.A. RIOS,
                                               [Doc. 1]
                        Respondent.
_____/

        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the

jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

        Petitioner filed the instant petition for writ of habeas corpus on April 11, 2012.  On May

8, 2007, Petitioner plead guilty to being a felon in possession of a firearm in the United States

District Court, Eastern District of North Carolina.  He is currently serving a term of 216 months

imprisonment.

        Petitioner appealed his conviction to the United States Court of Appeal for the Fourth

Circuit.  His conviction was affirmed, and the Court denied petition for rehearing.

        Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which

was denied on February 22, 2010.

///

///

1

1   On March 23, 2010, Petitioner filed a motion to vacate and set aside the judgment

2   pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North

3   Carolina.  The motion was denied on December 14, 2010.

4   On November 10, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to

5   28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana.  The

6   petition was denied on December 22, 2011.

7   Petitioner appealed the dismissal to the United States Court of Appeals for the Seventh

8   Circuit, which was denied on March 14, 2012.

9   In the instant petition, Petitioner contends that his prior 1987 conviction for attempted

10   burglary was not a "crime punishable for a term exceeding one year" and his sentence should not

11   have been enhanced under the Armed Career Criminal Act (18 U.S.C. § 924(e)).

12   DISCUSSION

13   A federal prisoner who wishes to challenge the validity or constitutionality of his

14   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

15   under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v.

16   Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997);

17   Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, *only the sentencing*

18   *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

19   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

20   2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see

21   also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

22   In contrast, a federal prisoner challenging the manner, location, or conditions of that

23   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

24   Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d

25   175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

26   United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,

27   478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);

28   Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

2

1    In this case, Petitioner is challenging the validity and constitutionality of his sentence

2  rather than an error in the administration of his sentence.  Therefore, the appropriate procedure

3  would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

4    In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

5  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective

6  to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997)

7  (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

8  inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

9  exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

10 insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a

11 petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

12 Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th

13 Cir. 1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.

14 Redfield v. United States, 315 F.2d 76, 83 (9th Cir.  1963).

15   As previously stated, Petitioner filed a § 2255 petition in the United States District Court

16 for the Eastern District of North Carolina, which was denied on the merits. See Bryant v. United

17 States, 2010 WL 5173607 (E. D. N. C. December 14, 2010).  In this case, Petitioner seeks relief

18 pursuant to the holding the United States Court of Appeals for the Fourth Circuit in United States

19 v. Simmons, 649 F.3d 237 (2011), addressing the requisite factors for a state law conviction to

20 qualify as a "prior violent felony.  Petitioner contends that because his sentence on his 1987

21 attempted burglary conviction did not exceed one year, under Simmons his sentence could not

22 have been enhanced under the Armed Career Criminal Act.

23   First, the decision in Simmons is not a Supreme Court decision nor a Ninth Circuit

24 decision but rather a Fourth Circuit decision.  Therefore, it is not binding authority on this Court.

25   Second, the fact that Petitioner has previously filed a § 2255 motion which was denied

26 does not render such relief inadequate or ineffective.  Petitioner has not indicated whether he has

27 sought or been granted permission from the applicable United States Court of Appeals to file a

28 second or successive motion.  28 U.S.C. § 2255.

1    Furthermore, Petitioner has failed to demonstrate that his claims qualify under the saving

2  clause of section 2255 because his claims are not proper claims of "actual innocence."  In

3  Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish

4  actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely

5  than not that no reasonable juror would have convicted him."  Id. at 623 (internal quotation

6  marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the

7  evidence, and he must show not just that the evidence against him was weak, but that it was so

8  weak that "no reasonable juror" would have convicted him.  Lorentsen, 223 F.3d at 954.

9    In this case, Petitioner does not assert that he is factually innocent of the crime for which

10  he was convicted.  Rather, he claims that, for sentencing purposes, he does not have the requisite

11  qualifying prior conviction which subjected him to mandatory enhancement.  Under the savings

12  clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which

13  he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th

14  Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner

15  must allege that he is "'actually innocent' of the crime of conviction.")  Based on the foregoing,

16  the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or

17  ineffective" remedy for raising his claims.  Accordingly, Section 2241 is not the proper avenue

18  for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

19    Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be

20  taken to the Court of Appeals from the final order in a proceeding under section 28 U.S.C. §

21  2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-240 (1998).  Appeal

22  from a proceeding that is normally undertaken pursuant to 28 U.S.C. § 2241, but which is really a

23  successive application under § 2255, requires a certificate of appealability.  Porter v. Adams, 244

24  F.3d 1006, 1007 (9th Cir. 2001).

25    As explained herein, in the instant petition Petitioner is raising claims attacking only the

26  legality of his sentence, not the execution of his sentence.

27    The controlling statute in determining whether to issue a certificate of appealability is 28

28  U.S.C. § 2253, which provides as follows:

4

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    The petition for writ of habeas corpus be DISMISSED;

1

2.       The Clerk of Court be directed to enter judgment, terminating this action; and

2

3.       The Court declines to issue a certificate of appealability.

3

IT IS SO ORDERED.

4

Dated:   __April 24, 2012__                    _____/s/ **Dennis L. Beck**_____

UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28